**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KC **FILED**

MAY 0 9 2007
MAY 9 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| STONECRAFTERS, INC., an Illinois corporation, individually and as the representative of a class of a similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE DONAS GROUP, INC., | ) ) |
| Defendant. | ) ) |

07CV2618
JUDGE GOTTSCHALL
MAGISTRATE JUDGE COLE

## NOTICE OF FILING

TO:  Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Diab & Bock, LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606

PLEASE TAKE NOTICE that on May 9, 2007 we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn, Chicago, Illinois the attached **Notice of Removal of Civil Action**, a copy of which and this Notice of Filing are hereby served upon you.

THE DONAS GROUP, INC.

By: _____
One of its attorneys

C. Corey S. Berman, Esq.
Law Office of C. Corey S. Berman, Ltd.
19 S. LaSalle Street, Suite 1500
Chicago, IL 60603
312-263-0133
ARDC No. 6203763

Allen S. Gabe, Esq.
Law Offices of Allen S. Gabe and Associates, P.C.
931 Plum Grove Road
Schaumburg, IL 60173
847-706-9630
ARDC No. 0899828

## CERTIFICATE OF SERVICE

Under penalties of perjury, the undersigned certifies that s/he caused a copy of the foregoing pleading(s) to be served on the above named parties/attorney(s) by regular U.S. mail by depositing same into the U.S. Mail located at 19 S. LaSalle Street, Chicago, Illinois 60603, properly addressed, with proper first-class postage affixed before 5:00 p.m. on May 9, 2007.

_____

KC **F I L E D**

MAY 0 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

STONECRAFTERS, INC., an Illinois )
corporation, individually and as the )
representative of a class of a similarly- )
situated persons, )
)
         Plaintiff, )
)     **07CV2618**
v. )     **JUDGE GOTTSCHALL**
)     **MAGISTRATE JUDGE COLE**
THE DONAS GROUP, INC., )
)
         Defendant. )

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant The Donas Group, Inc. by its attorneys C. Corey S. Berman and the Law

Office of C. Corey S. Berman, Ltd., and Allen S. Gabe and the Law Office of Allen S. Gabe &

Associates, P.C., hereby tenders notice of the removal of this action to the United States District

Court for the Northern District of Illinois, Eastern Division. In support hereof, Defendant states

as follows:

1.    Defendant The Donas Group, Inc. is the defendant in the action entitled

Stonecrafters, Inc., et al. v. The Donas Group, Inc., pending as Case No. 07 CH 437 in the Circuit

Court of the 22nd Judicial Circuit, McHenry County, Illinois, which action was commenced on

April 2, 2007.

2.    Defendant was served with Summons and Complaint on April 18, 2007.

3.    Plaintiff Stonecrafters, Inc., individually and on behalf of a class of persons

similarly situated, generally alleges that Defendant violated the Telephone Consumer Protection

Act, 47 U.S.C. § 227, by sending a facsimile transmission to Plaintiff and others on February 14,

2004 (Count I). Plaintiff also alleges claims of common law conversion (Count II) and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count III).

    4.     The following constitute all of the process, pleadings and orders served upon Defendant in this action:

        a.     Class Action Complaint;

        b.     Summons; and

        c.     Plaintiff's Motion for Class Certification.

True and correct copies of the above pleadings are attached hereto and incorporated herewith as Exhibits "A" through "C".

    5.     This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one that Defendant is entitled to remove to this Court pursuant to 28 U.S.C. § 1441 in that "a claim that a business violated the Telephone Consumer Protection Act arises under federal law." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450-51 (2005) (authorizing removal under § 1441 "because the claim arises under federal law").

    WHEREFORE, Defendant The Donas Group, Inc. prays that the above action now pending in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois be removed from that Court to this Court.

2

THE DONAS GROUP, INC.

By: _____
    One of its attorneys

C. Corey S. Berman, Esq.
Law Office of C. Corey S. Berman, Ltd.
19 S. LaSalle Street, Suite 1500
Chicago, IL 60603
312-263-0133
ARDC No. 6203763

Allen S. Gabe, Esq.
Law Offices of Allen S. Gabe and Associates, P.C.
931 Plum Grove Road
Schaumburg, IL 60173
847-706-9630
ARDC No. 0899828

*SUMMONS – 30 DAY*
IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

(Name all parties)

**Stonecrafters, Inc., an Illinois corporation,**

**individually and as the representative of a**

**class of similarly-situated persons,**

Plaintiff(s)

     vs.

**The Donas Group, Inc.**

Case Number ____07CH437____

Amount Claimed $_____

_____

Defendant(s)

Serve:
The Donas Group, Inc.
c/o Robert J. Donald, Registered Agent
1619 W. Lexington Dr., Arlington Hts., IL 60004

# SUMMONS

**To each Defendant:**

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS _____ APR - 2 '___ _____ 20 _____

_____
Clerk of the Circuit Court

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name **Anderson + Wanca**

Attorney for **Plaintiff**

Address **3701 Algonquin Road, Suite 760**

City, State Zip **Rolling Meadows, IL 60008**

Telephone **847/368-1500**

Prepared by **Brian J. Wanca**

Attorney for **Plaintiff**

Attorney Registration No. **3126474**

CV-SUM9: Revised 12/01/06

Page 1 of 2



Exhibit A

# IN THE CIRCUIT COURT OF 22nd JUDICIAL CIRCUIT
## MCHENRY COUNTY, ILLINOIS

FILED

APR - 2 2007

STONECRAFTERS, INC., an Illinois )
corporation, individually and as the )
representative of a class of similarly- )
situated persons, )

VERNON W. KAYS, JR
McHENRY CITY CIR CLK

07CH437

       Plaintiff, )

NOTICE

       v. )

THE DONAS GROUP, INC., )

       Defendant. )

BY ADMINIS RATIVE ORDER 94-6
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM 351 ON
8/13 20 07 AT 9:00 AM PM
FAILURE TO APPEAR MAY RESULT IN THIS CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

## CLASS ACTION COMPLAINT

Plaintiff, STONECRAFTERS, INC., an Illinois corporation (herein "Plaintiff"), brings

this action on behalf of itself and all other persons similarly situated, through its attorneys, and

except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based

upon personal knowledge, alleges the following upon information and belief against Defendant,

THE DONAS GROUP, INC. (herein "Defendant").

## PRELIMINARY STATEMENT

1.     This case challenges Defendant's policy and practice of faxing unsolicited

advertisements to persons in Illinois and other states.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a

person or entity within the United States from sending or having an agent send unsolicited faxed

advertisements. The TCPA provides a private right of action for violations, provides statutory

damages of $500.00 per violation, which may be trebled for knowing or willful violations, and

authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).



Exhibit B

EXHIBIT

B

3.     Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.     Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq. because the Defendant does business in McHenry County and the tortious acts complained of herein occurred in McHenry County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of

.

2

T

p

damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

9.      Plaintiff, STONECRAFTERS, INC., is an Illinois corporation with its principal place of business in Lakemoor, Illinois.

10.     On information and belief, Defendant, THE DONAS GROUP, INC., is an Illinois corporation with its principal place of business in Arlington Heights, Illinois.

## FACTS

11.     On or about February 14, 2004, Defendant transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

12.     Defendant knew or should have known that (i) Exhibit A was an advertisement and (ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the other members of the class.

13.     On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements to at least 39 other recipients.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT. 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

3

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the

Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of

persons:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

17.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable;

(b)    There are questions of fact or law common to the class that predominate

over questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)    Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(iv)    Whether Defendant sent advertising faxes without obtaining the

recipients' prior express permission or invitation for the faxes;

(v)    Whether Defendant violated the provisions of 47 U.S.C. § 227;

4

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

(viii)   Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.     The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

5

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

23.    The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24.    If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

25.    Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.    Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

27.    If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

6

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, THE DONAS GROUP, INC., as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

C.     Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

D.     Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual class member inclusive of all damages and fees.

## COUNT II
## CONVERSION

28.     Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 28 as though fully set forth herein.

29.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

7

30.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

(iii)   Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)     Whether Defendant committed conversion; and

(vi)    Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

31.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

8

32.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

33.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to its own use.

34.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

35.     Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

36.     Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

37.     Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, THE DONAS GROUP, INC., as follows:

A.      That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the court award damages;

9

C.    That the court award costs of suit; and

D.    Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual class member.

**COUNT III**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

38.    Plaintiff incorporates Paragraphs 1 through 14 as and for Paragraph 38 as though

fully set forth herein.

39.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful

fax advertisements:

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

40.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)    There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)    Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, and services;

10

(iii)     Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)     Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)     Whether Defendant's practice of sending unsolicited faxes is oppressive;

(vii)     Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

(viii)     Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

(ix)     Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

41.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

11

43.     720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

44.     Defendant's unsolicited fax practice is an unfair practice, because it violates state and federal public policy. It forced Plaintiff and the other class members to incur expense without any consideration.

45.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to forty or more persons.

46.     Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

47.     Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption. By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

48.     Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

12

WHEREFORE, Plaintiff, STONECRAFTERS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, THE DONAS GROUP, INC., as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award damages to Plaintiff and the other class members;

C. That the court award attorney fees and costs;

D. Enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

E. Award such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

STONECRAFTERS, INC., individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC No. 3126474

Phillip A. Bock
DIAB & BOCK, LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606
Telephone: 312/334-1970
Fax: 312/334-1971
ARDC No. 6224502

13

**EXHIBIT A**





**THE DONAS GROUP INC.**

## We can help.

We are The Donas Group, Inc.

Dedicated to getting our customers systems up and running in the minimum amount of time.

Let us provide your hardware, networking and operating system needs at competitive rates.
**Network Installation & Support**
**System Upgrades & Expansion**
**On-site Network Management**

# Is this happening to you?

## Receive 20% off our current rates with your first service call.

# 20% off



The Donas Group, Inc.
825 E. Golf Rd. Suite 1141
Arlington Heights, Il  60005
Ph:  (866) 799-3485
networks@donas.com
www.donas.com

# 20% off

## Mention this fax. One coupon per customer

If you do not wish to receive further notifications, please contact us and we will promptly remove you from future mailings.

IN THE CIRCUIT COURT OF 22nd JUDICIAL CIRCUIT
MCHENRY COUNTY, ILLINOIS

FILED

APR - 2 2007

VERNON W. KAYS JR.
McHENRY CITY CIR. CLK.

STONECRAFTERS, INC., an Illinois )
corporation, individually and as the )
representative of a class of similarly- )
situated persons, )
)
          Plaintiff, )    07CH457
)
     v. )
)
THE DONAS GROUP, INC., )
)
          Defendant. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, STONECRAFTERS, INC., by its attorneys, Anderson + Wanca and Diab &

Bock, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for

class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, and (3) with respect to
> whom Defendant cannot provide evidence of prior express
> permission or invitation for the sending of such faxes.

Plaintiff will file a supporting Memorandum of Law in due course.



Exhibit C

EXHIBIT

C

WHEREFORE, Plaintiff, STONECRAFTERS, INC., prays that this court enter an order

pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

STONECRAFTERS, INC., individually and as the
representative for a class of similarly-situated
persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
ARDC No. 3126474

Phillip A. Bock
DIAB & BOCK, LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606
Telephone: 312/334-1970
Fax: 312/334-1971
ARDC No. 6224502